UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

BRANDON DAVID MEACHAM,            )
                                  )
    Petitioner,                  )
                                  )
v.                                )   No. 2:22-cv-00149-JRG
                                  )
UNITED STATES OF AMERICA,         )
                                  )
    Respondent.                  )

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Brandon David Meacham's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 1]. For the reasons herein, the Court will deny Mr. Meacham's motion.

### I.   BACKGROUND

In 2018, Mr. Meacham was arrested and charged under 18 U.S.C § 922(g)(1) with knowing that he had previously been convicted of an offense punishable by imprisonment exceeding one year, did knowingly possess a firearm, which had been shipped and transported in interstate commerce. [Information, Doc. 1, at 1, 2:19-cr-00159-JRG-CRW-1]. Mr. Meacham entered into a plea agreement with the United States and pleaded guilty to count 1 of being a felon in possession of a firearm. [Notice of Intent to Plead Guilty, Factual Basis in Support of Plea, Docs. 2 & 3, at 1, 2:19-cr-00159-JRG-CRW-1]. The plea agreement's factual basis states:

> On August 28, 2018, an officer with the Washington County Sheriff's Office observed a green Honda Civic whose front seat passenger was not wearing a seatbelt. The officer initiated a traffic stop. Defendant was the passenger in the vehicle. The driver was driving on a revoked license and was cited. When asked, the driver gave consent for a search of his vehicle. Prior to conducting the search, Defendant spontaneously uttered that there was a handgun in the vehicle and that the handgun belonged to his girlfriend. Officers located a Taurus TCP, .380ACP caliber, semi-automatic handgun between the front passenger's seat and the center

> console. The handgun's magazine was also lying in the same area and was loaded with six .380ACP rounds. Defendant admits that he possessed the Taurus, model TCP, .380 caliber, semi-automatic pistol, that the firearm is a modern firearm, was manufactured outside the state of Tennessee and therefore, traveled in interstate commerce.
>
> On May 13, 2003, Defendant was convicted of armed robbery in Villas County, Wisconsin, for which he was sentenced to six years of incarceration. Defendant admits that he knew, at the time he possessed the aforementioned firearm, that he had previously been convicted of an offense punishable by imprisonment exceeding one year.

[*Id.* at 1–2].

The Court sentenced Mr. Meacham to 63 months' imprisonment, 3 years supervised release, and a $100 assessment. [J., Doc. 15, at 2, 3, 6 No. 2:19-CR-00159-JRG-CRW-1]. He did not appeal his sentence but has now filed a motion for post-conviction relief under 28 U.S.C. § 2255. The United States opposes his motion. Having carefully considered Mr. Meacham's motion and the parties' arguments, the Court is now prepared to rule on them.

## II. STANDARD OF REVIEW

Under § 2255, "a prisoner in custody under sentence of a federal court claiming the right to be released … may move the court which imposed the sentence to vacate, set aside, or correct the sentence." (28 U.S.C. § 2255(a)). A court must vacate and set aside a sentence if it concludes that the "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." Id. § 2255(b). The legal standard that governs collateral review under § 2255 as opposed to direct review on appeal is significantly higher. *United States v. Frady*, 456 U.S. 152, 162–66 (1982); see *Hampton v. United States*, 191 F.3d 695, 698 (6th Cir. 1999).

A prisoner seeking relief under 28 U.S.C. § 2255 must show as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To obtain relief for a denial or infringement of a constitutional right, a petitioner must establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings". *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To obtain relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of the "rudimentary demands of fair procedure". *Reed v. Farley*, 512 U.S. 339, 354 (1994).

A petitioner has the burden of proving that "an error has occurred that is sufficiently fundamental to come within" one of the three "narrow limits" for § 2255 relief. *United States v. Addonizio*, 442 U.S. 178, 185 (1979); see *Pough*, 442 F.3d at 964. Conclusory allegations alone, without supporting factual averments, are generally insufficient to demonstrate a valid claim under § 2255. *Jefferson v. United States*, 730 F.3d 537, 547 (6th Cir. 2013).

### III. ANALYSIS

Mr. Meacham asserts that he is entitled to relief from his sentence under § 2255 because a subsequent Supreme Court decision has rendered the statute giving rise to his conviction unconstitutional. Petitioner refers to the decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 13 (2022), which provides that to pass constitutional muster, the government must prove that Second Amendment regulations comport with "historical traditions of firearm regulation." He argues that there are no applicable, historical traditions of regulating the possession

3

of firearms by felons and therefore, 18 U.S.C. § 922(g)(1) does not pass constitutional muster and his sentence must be vacated as a result.

### A. Mr. Meacham's challenge to the constitutionality of his conviction has been waived due to his failure to raise the issue on direct appeal.

Sentencing challenges under 28 U.S.C. § 2255 are typically waived if not asserted on direct appeal. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Claims asserted for the first time under 28 U.S.C. § 2255 may only be heard if they arise from a claim of ineffective assistance of counsel or in the instance of a defect in the proceedings so great to amount to deprival of due process. (*Id.*) Otherwise, they are procedurally defaulted. In rare circumstances, a petitioner may overcome such procedural default if he can demonstrate that he is "actually innocent". *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Petitioner acknowledges that this motion is procedurally defaulted. He did not file a direct appeal for relief from his sentence, so his claims for relief under § 2255 are being asserted for the first time and do not involve claims of ineffective assistance of counsel or of a procedural defect amounting to the deprival of due process.

However, petitioner argues that he is "actually innocent" of the crime charged, and as a result, his procedural default should be excused. This argument, however, is without merit. He argues that the Supreme Court's decision in *Bruen* protects the right of a convicted felon to possess a firearm and renders 18 U.S.C. § 922(g)(1), the statute his conviction is based on, unconstitutional. This contention is unfounded. *Bruen* makes no mention of the constitutionality of 18 U.S.C. § 922(g)(1) or any other felon in possession laws. Instead, it merely narrows the test that a Second Amendment regulation must meet to pass constitutional muster – that it must comport with

4

historical traditions of firearm regulations. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 13 (2022).

In fact, *Bruen* emphasizes several times that the protections of the Second Amendment are afforded to "ordinary, law abiding" citizens, a group that convicted felons generally do not fall into. (*Id.*) Further, taking the test set forth in *Bruen* into consideration, the Sixth Circuit has affirmed the constitutionality of 18 U.S.C. § 922(g)(1) and emphasized that felon in possession laws are "presumptively lawful". *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024).

Thus, petitioner's claim of actual innocence is based upon an unfounded contention that *Bruen* renders 18 U.S.C. § 922(g)(1) unconstitutional. As a result, petitioner is not "actually innocent" of the crime charged and his procedural default in failing to raise the issue on direct appeal is not excused.

**B. Mr. Meacham's challenge to the constitutionality of his conviction is untimely.**

Even if Mr. Meacham has not procedurally defaulted on his claims, he is still not entitled to § 2255 relief as his motion for relief is untimely. Motions under 28 U.S.C. § 2255 are subject to a statute of limitations. A petitioner must file a motion to vacate within one year from the date on which (1) the judgment of conviction becomes final, (2) a governmental impediment to making the motion is removed, (3) a right was initially recognized by the Supreme Court and made retroactively applicable, or (4) the facts supporting the claim could have been discovered with due diligence. 28 U.S.C. § 2255(f).

For the purposes of the statute of limitations, a judgment of conviction is considered final once the time for an appeal expires unless the court has extended the time for appeal. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004). The time for a direct appeal in a

5

criminal case expires 14 days after the entering of a judgment of conviction. FED. R. APP. P. 4(B)(1)(A).

1. *Applicable Statute of Limitations*

Mr. Meacham's motion was filed more than one year from the date on which his judgment of conviction became final. A judgment of conviction against Mr. Meacham was entered on February 12, 2020. His time to appeal expired on February 26, 2020, 14 days later. Petitioner's motion to vacate under § 2255 was not filed until more than two years later on November 28, 2022.

While this timeline clearly exceeds the statute of limitations based upon a judgment of conviction, petitioner argues that the Supreme Court recognized a right in *Bruen* that was not previously available to petitioner and made retroactively applicable to him. On these grounds, the statute of limitations would expire one year from June 23, 2022, on June 23, 2023.

However, petitioner's argument is unfounded. As previously established, the Supreme Court did not recognize a new right in *Bruen*. It clarified the test that firearm regulations must meet to pass constitutional muster but made no mention of 18 U.S.C § 922(g)(1) or its constitutionality. *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 13 (2022).

Because *Bruen* did not recognize a new constitutional right not previously available to petitioner, the applicable statute of limitations is one year from the date on which a judgment of conviction became final. Because petitioner's judgment of conviction became final on February 26, 2020, and his motion to vacate under § 2255 was filed more than two years later, his motion is untimely and therefore time barred.

2. *Equitable Tolling*

The one-year statute of limitations is not a jurisdictional prerequisite and is subject to equitable tolling. *Holland v. Florida*, 130 S.Ct. 2549, 2560-2562 (2010). Equitable tolling is a high bar to meet and requires that the petitioner show that (1) he has been pursuing his rights diligently, and that (2) some extraordinary circumstance stood in his way. (*Id.*)

Here, Mr. Meacham made no attempt to show that he had been diligently pursuing his rights under 28 U.S.C § 2255 and that some extraordinary circumstance stood in his way. Therefore, equitable tolling is not available to Mr. Meacham in this case and his claim is time barred.

### IV. Certificate of Appealability

Lastly, the Court must determine whether to issue a certificate of appealability, which is necessary for Mr. Meacham to appeal its ruling. 28 U.S.C. § 2253(a), (c)(1)(B). The Court may issue a certificate of appealability only when a petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, Mr. Meacham must demonstrate that reasonable jurists would find the Court's assessment of those claims "debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that reasonable jurists would not find that its dismissal of Mr. Meacham's claims as procedurally defaulted or time-barred is debatable or wrong. The Court therefore declines to issue a certificate of appealability to Mr. Meacham.

### V. CONCLUSION

As the petitioner under § 2255, Mr. Meacham fails to meet his burden of establishing that his conviction and sentence are in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error. His Motion under 28 U.S.C. §

2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody [Doc. 1] is therefore **DENIED**. The Court will enter an order consistent with this opinion.


ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE